## Charles E. Trott *vs.* Francis O. Irish.

An action for goods mortgaged to one partner to secure an indebtedness to the firm of which he is a member, is rightly brought in the name of the mortgagee alone.

If it appears that the consideration of a mortgage is a sale of spirituous liquors, the burden of proof is on a party who seeks to avoid the contract to show that the sale was illegal.

Tort against a deputy sheriff for the conversion of goods mortgaged to the plaintiff, and attached as property of the mortgagor.

At the trial in the superior court, it appeared that the plaintiff received a mortgage of the goods in question to secure an indebtedness of the mortgagor to Trott Brothers & Company, a firm of which the plaintiff was a member, for spirituous liquors sold by them to him in this commonwealth. The defendant contended that the action could not be maintained without joining the other members of the firm as plaintiffs; but *Morton*, J ruled otherwise. The defendant requested the court to instruct the jury that the burden of proving a legal consideration for the mortgage was on the plaintiff; but the presiding judge refused so to rule, and instructed them that if the debt due from the mortgagor to Trott Brothers & Company was for spirituous liquors illegally sold by them to him in this commonwealth, the mortgage was void; and that the burden was on the defendant to prove that the sale was illegal. The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*G. W. Searle*, for the defendant.

*J. L. English*, for the plaintiff.

Merrick, J. The rulings and instructions of the court were perfectly correct. The legal title to the mortgaged property was in the plaintiff, and an action to recover the possession or the value of it could be brought and maintained only in his name. A partner who is authorized to receive payment of a debt due to the firm may also take security for it in his own name. When he is in possession of property pledged for that purpose, he holds it for the benefit of all the members of the partnership; and if converted into money, it is received and must be applied as a payment *pro tanto* of the debt.

It appeared in evidence that the consideration of the mortgage was an indebtedness of the mortgagor to Trott Brothers & Company, arising from the sale of spirituous and intoxicating liquors. This was a good consideration to support the mortgage, unless the sale was illegally made. If made in violation of law, the mortgage was void and passed no title to the plaintiff; and this was so held by the court.

The defendant contends that the plaintiff was bound to show that the sale was not illegal, and that without such proof he was not entitled to recover. This objection rests upon a misapprehension of the rule in respect to the burden of proof. To maintain this action, it was necessary that the plaintiff should show a sufficient consideration for the mortgage. Upon this question the burden of proof was upon him, and did not shift during the trial. But, a sufficient consideration having been shown in the sale and delivery of spirituous liquors, the defendant undertook to show that the sale was made in violation of law, and therefore that it created no indebtedness, payment of which could legally be enforced. This was an entirely new question, arising upon the allegation by the defendant in avoidance of the contract the legal validity of which he denied. The burden of proof was therefore upon him to establish the alleged fact which he set up in his answer, and relied upon as a sufficient defence to the action. That this is the rule to be applied and enforced in such cases has often been determined, and cannot now be considered to be an open question. In the recent case of *Wilson* v. *Melvin*, 13 Gray, 73, which was an action on an account annexed to recover the price of elderberry wine, which was intoxicating liquor, it was held that the burden of proof to show that the sale was unauthorized and made in violation of law was upon the defendant, and that without such proof the plaintiff was entitled to recover. The same rule was, in effect, affirmed and made the basis of decision in the case of *Timson* v. *Moulton*, 3 Cush. 269, and was then considered by the court to have been so perfectly well settled, that double costs were allowed against the party taking the exceptions. See also *Sissons* v. *Dixon*, 5 B. & C. 758; 2 Saunders Pl. & Ev. (2d ed.) 205. *Exceptions overruled.*